Solano-Sanchez v. Garland

BIA
A202 075 479/480/481/490

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand twenty-two.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> BETH ROBINSON,
> MYRNA PÉREZ,
> > *Circuit Judges.*

———————————————————————

ERIKA MARISOL SOLANO-SANCHEZ,
JAQUELINE ARIANA CARDOZA-SOLANO,
MANUEL ALEXANDER VALENCIA-
SOLANO, MANUEL ENRIQUE VALENCIA-
DURAN,
> *Petitioners*,[1]

> v.

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,

20-1257
NAC

———————————————————————

[1] The motion to amend the caption is GRANTED and the Clerk's Office is instructed to amend the official caption as reflected here.

*Respondent.*

_____

FOR PETITIONERS:          Jillian M. Dume, Labrada Dume &
                          Associates, New York, NY.

FOR RESPONDENT:           Brian Boynton, Acting Assistant
                          Attorney General; Brianne Whelan
                          Cohen, Senior Litigation Counsel;
                          Rebecca Hoffberg Phillips, Trial
                          Attorney, Office of Immigration
                          Litigation, United States
                          Department of Justice, Washington,
                          DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED IN PART and DISMISSED IN PART.

Petitioners Erika Marisol Solano-Sanchez, Jaqueline Ariana Cardoza-Solano, Manuel Alexander Valencia-Solano, Manuel Enrique Valencia-Duran, natives and citizens of El Salvador, seek review of a March 18, 2020 decision of the BIA denying their motion to reopen their removal proceedings. *In re Erika Marisol Solano-Sanchez, et al.,* Nos. A 202 075 479/480/481/490 (B.I.A. Mar. 18, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for

2

abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). It is undisputed that Petitioners' 2019 motion was untimely because they filed it more than 90 days after their removal orders became final in 2017. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (providing a 90-day deadline for motions to reopen). The time for filing a motion to reopen may be equitably tolled if a movant establishes that he or she received ineffective assistance of counsel. *See Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir. 2000). The BIA did not abuse its discretion in declining to equitably toll the time because Petitioners failed to show they suffered prejudice due to their former counsel's representation in the underlying proceedings. *See Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994) (requiring a showing "that competent counsel would have acted otherwise" and that the petitioner "was prejudiced by . . . counsel's performance" (citation omitted)). Although Petitioners alleged that counsel should have raised additional arguments, they did not identify what arguments could or should have been made. Thus, they did not demonstrate that counsel "could have made a strong showing in support of [their] application." *Id.*

Because Petitioners did not demonstrate that the time limitation should be equitably tolled, their "motion to reopen could only be considered upon exercise of the [BIA's] *sua sponte* authority." *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). We lack jurisdiction to review the BIA's "entirely discretionary" decision declining to reopen proceedings sua sponte. *Ali*, 448 F.3d at 518.

For the foregoing reasons, the petition for review is DENIED IN PART and DISMISSED IN PART.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4